BELLA UNTERBERG, Respondent, *v.* MORRIS ISRAEL and M. P. SANGER, etc., Appellants.

(Supreme Court, Appellate Term, First Department, June, 1918.)

Judgments — motion for, upon opening of counsel — trial — practice.
Counterclaim — what renders counterclaim defective — lease — landlord and tenant — Municipal Court Code.

> Neither the Code of Civil Procedure nor the Municipal Court Code contains any provision for the making of a motion for judgment upon the opening to the jury of the opposite party, and technically there seems to be no authority for such practice.
>
> Where, in an action for rent of a store under a lease which expressly provides that the landlord shall not be liable in case of any carelessness on her part or on the part of her employees, the defendants admit that they owe the rent, and after the plaintiff had offered in evidence the lease the court directed a verdict in her favor for the amount claimed and dismissed defendants' counterclaim for " damage to property,"

Appellate Term, First Department, June, 1918. [Vol. 103.

and the record on defendants' appeal from the judgment is barren of any statement of facts or of claim as to what they intended to prove in order to sustain their counterclaim, the judgment will be reversed and a new trial granted.

The words " damage to property " are clearly insufficient to meet the requirements of the Municipal Court Code that a counterclaim should state the nature and substance of the action, and render the counterclaim defective.

APPEAL by defendants from a judgment entered in the Municipal Court of the city of New York, borough of Manhattan, fifth district, in favor of the plaintiff.

Winder & Hollander (Benjamin I. Cantor, of counsel), for appellants.

Cecil B. Ruskay, for respondent.

PER CURIAM. The plaintiff has recovered judgment upon a directed verdict for the sum of $177.63. The pleadings in the case were oral and on the back of the summons the following words were indorsed: "A statement of the nature and substance of the plaintiff's cause of action is as follows: For rent of store, 168 East 110th Street for June, July and August, 1917."

The record also shows that the answer is " Counterclaim $465. Damage to property."

At the trial both counsel opened to the jury and the plaintiff offered in evidence the lease. The plaintiff then moved: " Upon the opening and upon the lease the plaintiff respectfully moves for judgment." The trial judge thereupon directed a verdict for the landlord for the amount sued for, and dismissed the counterclaim. The record further shows that no request was made that the stenographer should take down the opening of the counsel and no direction by the court to that effect. Consequently there is nothing in the

record to show upon what statements of counsel the learned trial justice directed the verdict except for the fact that the trial justice in dismissing the counterclaim stated to the jury: '' The tenant admits that he owes the rent and the tenant claims that the landlord was careless and by reason of such carelessness there was an overflow of water, but the lease expressly provides that the landlord shall not be liable in case of any carelessness on his part or on the part of his employees. The landlord and tenant have the right to make any legal agreement. This lease seems to me to be a legal agreement, and under the circumstances there is nothing before the jury. On the opening of counsel, statements that they made, I must direct you to render a verdict for the landlord in this case for the amount sued for.'' While it is a frequent practice in the courts for counsel to move for judgment upon the opening to the jury of the opposite party, and at times the courts have acted upon this motion, neither the Code of Civil Procedure nor the Municipal Court Code contains any provision for such procedure. Technically there seems to be no authority for this practice. The practice seems to have arisen by reason of the fact that, where in the opening to the jury counsel makes statements which show that even if he proves all the facts therein stated he will fail to make out a cause of action or a defense as the case may be, the trial would be merely perfunctory and a useless waste of the court's time. In such cases it would seem proper that the court should consider the opening of counsel in the light of a concession as to the testimony which counsel intends to offer, and, when such concession is made upon the record, that the court should rule upon it without compelling the testimony to be offered in legal form. The record must, however, at least show what facts counsel intend to prove

and a concession, express or implied, that counsel has no other proof to offer to sustain his cause of action or defense.

In the present case, the record is absolutely barren of any statement of facts or of claim by the defendants as to what they intend to prove in order to sustain their counterclaim. Consequently, there is nothing in the record to justify a dismissal of the counterclaim upon the opening of counsel.

The respondent, however, urges that we should consider the motion as if made upon the lease and the pleadings. The lease contains a clause which provides: " that the landlord shall not be liable for any damage or injury by water, which may be sustained by the said tenant or other person, or for any other damage or injury resulting from the carelessness, negligence, or improper conduct on the part of any other tenant or agents, or employees, or by reason of the breakage, leaking or obstruction of the Croton water or soil pipes, or other leaking in or about the said building." Undoubtedly under all the authorities this clause in the lease would exempt the landlord from any liability resulting from leakage caused by the negligence of any agents or employees or from ordinary wear and tear, or from sudden action of the elements. If the defendants' counterclaim seeks a recovery for damages sustained in that manner then a trial of the counterclaim would be useless. The plaintiff, however, would be responsible for any affirmative act of negligence committed by herself. The counterclaim as pleaded is unquestionably defective in that it fails to state the nature and substance of the action, for the words " damage to property " are clearly insufficient to meet this requirement of the Municipal Court Code. If the plaintiff had, by appropriate motion, taken objection to the counterclaim as endorsed upon the summons,

doubtless the court would have had power to dismiss it. The plaintiff, however, has made no such motion, and if such motion had been made at the trial the defendant might have been given leave to amend. As the counterclaim now stands we are not able to say that it may not be based upon a cause of action for personal affirmative negligence on the part of the plaintiff.

It follows that the judgment must be reversed and a new trial ordered, with thirty dollars costs to appellants to abide the event.

Present: LEHMAN, PENDLETON and FINCH, JJ.

Judgment reversed and new trial ordered, with costs to appellants to abide event.